ALTENBERND, Judge.
Analyn Merkle, now known as Analyn Megison, appeals the judgment and order *376 of probation after a jury convicted her of concealing the location of a minor contrary to a court order in violation of section 787.04(1), Florida Statutes (2007). Although Ms. Merkle may well have been in criminal contempt of court in the dissolution proceeding, the State failed to prove that the court ever issued an order compelling her to disclose the location of her minor son. Accordingly, the trial court erred in failing to grant her motion for judgment of acquittal.
Ms. Merkle had a turbulent two-year marriage to Michael Merkle between 2006 and 2008, during which she gave birth to their son. In 2007, she repeatedly made claims that Mr. Merkle was abusing her daughter from a prior marriage and their infant son. Investigations did not confirm these serious allegations, but Ms. Merkle clearly continued to believe that she and her children were victims of abuse. Although a precise date was not established at trial, Ms. Merkle left Florida with the children and settled in Maryland, assisted by an organization dedicated to protecting victims of violence. She did not inform her estranged husband of her whereabouts, but Ms. Merkle did register her new address with the Florida Attorney General through an address confidentiality program.[1]
Mr. Merkle apparently filed a dissolution proceeding in December 2007.[2] In January 2008, the circuit court awarded Mr. Merkle primary residential responsibility for the son on a temporary basis, so long as he and the child resided with his mother, Angela Merkle. The order reflects that Ms. Merkle was pro se and did not appear at the hearing. Significantly, although the order entered on January 16, 2008, authorized law enforcement officers to assist Mr. Merkle in taking physical possession of the child, it did not order Ms. Merkle to disclose the location of her son.
Ms. Merkle apparently retained an attorney and quickly filed an emergency motion for the court to stay the order. The trial court held a hearing on the motion on January 31, 2008, which Ms. Merkle and her attorney attended. No transcript of the hearing is in this record. Following the hearing, the court entered an order on February 11, 2008, denying the motion to stay and reconfirming that Mr. Merkle would have primary residential responsibility for the child. The order required Ms. Merkle to “return” the child to Mr. Merkle, but once again it did not order her to disclose the current location of the child.[3]
Ms. Merkle did not obey the order. Mr. Merkle apparently filed a motion for contempt because the trial court entered a third order on March 27, 2008, holding Ms. Merkle in willful contempt and ordering law enforcement to take her into custody. Law enforcement found Ms. Merkle and the child in Maryland by mid-April. The State actually filed the information in this case the day before Ms. Merkle was arrested in Maryland, and she was extradited in mid-May.
*377 The information charged Ms. Merkle with violating section 787.04(1), which provides that “[i]t is unlawful for any person, in violation of a court order, to lead, take, entice, or remove a minor beyond the limits of this state, or to conceal the location of a minor, with personal knowledge of the order.” The information alleged that Ms. Merkle “remove[d]” the child from the state in violation of the order finding her in willful contempt or, alternatively, that she “conceal[ed] the location” of the child in violation of the same order. At trial there was a dispute as to whether the State could amend the information to allege that Ms. Merkle had done these actions in violation of any one of the several orders entered in the dissolution proceedings. For purposes of this opinion, we give the State the benefit of all of the orders.
When Ms. Merkle moved for judgment of acquittal at the end of the State’s case, the State conceded that it had not proven that she removed a child in violation of an order. At that point in the proceedings, the State had not proven when Ms. Merkle removed the child from the state. In light of the proceedings following the verdict, it is clear that she fled with the child to Maryland with the assistance of the victims’ advocacy organization before the court entered any of the orders. If a court has not entered an order prohibiting removal of a minor before the child is removed from the state, obviously the State cannot prove that the child was “removed” in violation of a court order.
The State maintained, however, that it had proven that Ms. Merkle had concealed the location of the child in violation of a court order. The trial court allowed the State to present this theory to the jury, and the jury convicted Ms. Merkle of this offense. The trial court entered judgment on this third-degree felony and sentenced Ms. Merkle to five years’ probation.
We conclude that the State did not prove that Ms. Merkle concealed the location of her child in violation of a court order. The problem is that there is no court order expressly telling Ms. Merkle that she was required to disclose the location of this child to the court. If the court order entered as a result of the hearing that she attended in late January had expressly instructed her to disclose to the court the location of her son on or before a specific date in February, we agree that the State could have prosecuted this case as a violation of the statute. But in light of the orders in this record, we conclude that the State did not prove its case.
We are not inclined to believe that this statute is ambiguous in this regard. One cannot “conceal the location” of a child in violation of a court order unless the order requires one to disclose the child’s location. Even if the statute is ambiguous, it must be construed in favor of the defendant. See § 775.021(1), Fla. Stat. (2007).
We believe that our reading of the statute is also consistent with the statutory defense to this crime provided under section 787.04(5). That section provides that “[i]t is a defense under this section that a person who leads, takes, entices, or removes a minor beyond the limits of the state reasonably believes that his or her action was necessary to protect the minor from child abuse as defined in s. 827.03.”
The parties and the court below struggled with the application of this defense because, on its face, it provides a defense only for a person who “leads, takes, entices, or removes” a minor and not for one who “conceals the location” of a minor. § 787.04(5). On first read, this court wondered whether this omission was merely an oversight by the legislature.
*378 This special defense of necessity makes sense if a party reasonably believes that a child will be abused unless the child is physically removed from the presence of the person believed to be the abuser. But there is no reason that a person should have a defense for concealing the location of a child from the court. The child’s location can be disclosed to the court in a manner that does not immediately reveal the child’s location to the potential abuser. Under such circumstances, it becomes incumbent upon the court to take whatever steps may be necessary to protect the child. We note that in this case, for example, although the allegations of abuse may have been unfounded, the court required the child to reside with his grandmother as a safeguard. Thus, a party should logically have no defense to the offense of concealing the location of a child from the court when expressly ordered to disclose the child’s location.[4]
We conclude that Ms. Merkle was entitled to a judgment of acquittal not only on the offense of “removing” the child, but also on the offense of “concealing the location” of the child. We reverse the judgment of conviction and the order of probation and direct the trial court to dismiss this proceeding on remand.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.

. While some of the facts surrounding Ms. Merkle’s move to Maryland were established at trial, her address registration with the Florida Attorney General was established after trial through documents filed with Ms. Mer-kle’s motion for new trial.

. Although only a few documents from the dissolution proceedings are in the record before this court, we are able to assume the existence of other documents from references to them in the documents that are in the record.

.Although not essential to our holding in this case, it is noteworthy that Ms. Merkle appealed the temporary custody order to this court and attempted to obtain a stay of the order in the trial court during the pendency of the appeal.

. We recognize that in Costlow v. State, 543 So.2d 1259, 1262 (Fla. 5th DCA 1989), the Fifth District held that under section 787.04(1), " '[c]oncealment' " means "concealing a child from a person entitled to its custody.” We do not disagree with the outcome in that case. However, Costlow did not distinguish between concealment of the location of a child from the court and concealment of the location of a child from the other parent. Our analysis of the statute in Ms. Merkle’s case suggests that the statutory offense is actually concealing the location of the child from the court, which admittedly indirectly involves concealing the location of the child from the other parent.