Damoorgian, J.
Jeffery Michael Flynn appeals his conviction and sentence for one count of kidnapping and one count of concealment of a child contrary to a court order. We affirm in all respects but write to address a discrepancy in the case law regarding the crime of concealment of a child contrary to a court order.
Appellant was arrested and charged with several offenses, including concealment of a child contrary to a court order, after he absconded with his child for several months in violation of a court order providing that Appellant and his ex-wife had shared custody of the child. At trial, Appellant moved for a judgment of acquittal on the concealment of a child contrary to a court order charge. The controlling statute states:
It is unlawful for any person, in violation of a court order, to lead, take, entice, or remove a minor beyond the limits of this state, or to conceal the location of a minor, with personal knowledge of the order.
§ 787.04(1), Fla. Stat. (2014). Relying on the Second District’s opinion in Merkle v. State, 88 So.3d 375, 377 (Fla. 2d DCA 2012), Appellant argued that he could not be found guilty as there was no court *1056 order in place expressly directing Appellant to disclose his child’s location. The court denied Appellant’s motion, ruling that pursuant to the plain language of the controlling statute and the Fifth District’s opinion in Costlow v. State, 543 So.2d 1259, 1262 (Fla. 5th DCA 1989), Appellant’s act of concealing the child’s location from his ex-wife was sufficient to support the charge.
We affirm the trial court’s ruling and in doing so, reject the holding set forth in Merkle. 88 So.3d at 377. There, the Second District held that a person cannot commit the violation of concealment of a child in violation of a court order unless there is a court order in place expressly telling the defendant that he or she is required to disclose the location of the child to the court. Id. In other words, the Merkle case “suggests that the statutory offense is actually concealing the location of the child from the court.” Id. at 378 n.4. This holding is at odds with the Fifth District’s decision in Costlow, where the court held that “ ‘[cjoncealmenfi ” means “concealing a child from a person entitled to its custody.” 543 So.2d at 1262. We find Costlow to be consistent with the plain language of section 787.04(1) and, therefore, adopt its holding. Had the legislature wished to make concealment of a child a crime only if the concealment was “from the court,” it would have specified as such. Instead, it left the terms open to those set in any “court order.” § 787.04(1), Fla. Stat. (2014). Most time sharing orders, including the one at issue here, require persons with joint custody to keep the other custodial person informed with respect to the whereabouts and activities of the child. Thus, under the plain language of the statute and as outlined by Costlow, the court correctly denied Appellant’s motion for judgment of acquittal on the concealment of a child contrary to a court order charge.
Finding no merit in Appellant’s additional arguments on appeal, we affirm. We also certify conflict with Merkle.

Affirmed. Conflict certified.

Gerber and Forst, JJ., concur.