# Supreme Court of Florida

_____

No. SC17-1197
_____

**JEFFREY MICHAEL FLYNN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[November 9, 2017]

PER CURIAM.

This cause having heretofore been submitted to the Court on Certified Direct

Conflict of Decisions pursuant to Article V, Section 3(b)(4), Florida Constitution

(1980), and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi), and the Court

having determined that it should decline to exercise jurisdiction, it is ordered that

the Petition for Review is denied.

No Motion for Rehearing will be entertained by the Court. See Fla. R. App.

P. 9.330(d)(2).

LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which LABARGA, C.J., and
QUINCE, J., concur.

PARIENTE, J., dissenting.

In Flynn v. State, 217 So. 3d 1055, 1056 (Fla. 4th DCA 2017), the Fourth

District Court of Appeal certified conflict with the Second District Court of

Appeal's decision in Merkle v. State, 88 So. 3d 375 (Fla. 2nd DCA 2012), on the

issue of what constitutes the crime of concealment of a child in violation of a court

order pursuant to section 787.04(1), Florida Statutes (2014). Unquestionably, the

certification of conflict provides this Court with discretionary jurisdiction under

article V, section 3(b)(4), of the Florida Constitution.

In Flynn, the Fourth District interpreted the Second District's holding in

Merkle to conclude that a "person cannot commit the violation of concealment of a

child in violation of a court order unless there is a court order in place expressly

telling the defendant that he or she is required to disclose the location of the child

to the court." Flynn, 217 So. 3d at 1056 (citing Merkle, 88 So. 3d at 377).

The language in the time sharing order the trial court relied on to find the

defendant guilty of a felony in Flynn, indicated that Flynn was required to keep the

children's mother apprised of their location. This language is, as noted by the

Fourth District, in "[m]ost time sharing orders." Id. While there may be

differences in the procedural postures of Flynn and Merkle, these differences have

no effect on the resolution of the ultimate conflict issue which this Court should

address—whether, to be convicted under the statute for concealment of the

location of a child, there must be a court order requiring one parent to keep both the court and the other parent apprised of the child's location, or whether a court order, such as that in Flynn, requiring only that the parent keep the other parent of the child, but not the court, apprised of the child's location is sufficient. Because the cases expressly and directly conflict on this issue of importance, this Court should exercise its discretion and accept jurisdiction to resolve any confusion regarding the crime of concealment of a child to ensure uniform application of the law on this specific issue, which could potentially affect all custody and time sharing orders in this State.

Accordingly, I dissent.

LABARGA, C.J., and QUINCE, J., concur.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Fourth District - Case No. 4D15-3792

(Palm Beach County)

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, and Louis G. Carres, Special Assistant Conflict Counsel, West Palm Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Celia A. Terenzio, Bureau Chief, and Richard Valuntas, Assistant Attorney General, West Palm Beach, Florida,

for Respondent