PARIENTE,-J;, dissenting. - In Flynn v. State, 217 So.3d 1055, 1056 (Fla. 4th DCA 2017), the Fourth District Court of Appeal certified conflict with the Second District Court of Appeal’s decision in Merkle v. State, 88 So.3d 375 (Fla. 2nd DCA 2012), on the issue- of what constitutes the crime of concealment of a' child in violation of a court order pursuant to section 787.04(1), Florida Statutes (2014), Unquestionably, the certification of conflict provides this Court with discretionary jurisdiction under article V,- section 3(b)(4), of the Florida Constitution. In Flynn, the Fourth District interpreted the Second District’s holding in Merkle to conclude that a “person cannot commit the violation of concealment óf a child in violation of a court order unless there is a court order in place expressly telling the defendant that he or she is required to disclose the location of the child to the court.” Flynn, 217 So.3d at 1056 (citing Merkle, 88 So.3d at 377). The language in the time sharing order the trial court relied on to find the defendant guilty of a felony in Flynn, indicated that Flynn was required to keep the children’s mother apprised of their location. This language is, as noted by the Fourth District, in “[m]ost time sharing orders.” Id. While there may be differences in the procedural postures of Flynn and Merkle, these differences have no effect on the resolution of the ultimate conflict issue which this Court should address—whether, to be convicted under the statute for concealment of the location of a child, there must be a court order requiring one parent to keep both the court and the other parent apprised of the child’s location, or whether a court order, such as that in Flynn, requiring only that the parent keep the other parent of the child, but not the court, apprised of the child’s location is sufficient. Because the cases expressly and directly conflict on this issue of importance, this Court should exercise its discretion and accept .jurisdiction to resolve any confusion regarding the crime of concealment of a child to ensure uniform application of the law on this specific issue, which could potentially affect all custody and time sharing orders in this State. Accordingly, I dissent. LABARGA, C.J., and QUINCE, J., concur.